D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER SULLINS,

                              Plaintiff,

                                                    **ORDER**
          -against-                                 12-CV-2632 (SJF)(GRB)

NASSAU COUNTY JAIL CORRECTIONAL
CENTER,

                              Defendant.
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 2 7 2012   ★

**LONG ISLAND OFFICE**

FEUERSTEIN, United States District Judge:

I.      Introduction

        Before the Court is the complaint of incarcerated pro se plaintiff Peter Sullins

("plaintiff"), brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). The complaint is

accompanied by an application to proceed in forma pauperis. Although the Court finds that

plaintiff's financial position qualifies him to commence this action without prepayment of the

filing fee, see 28 U.S.C. § 1915(a)(1), the complaint is sua sponte dismissed pursuant to 28

U.S.C. §§ 1915(e)(2)(b)(i), (ii) and 1915A(b)(1) unless plaintiff files an amended complaint as

set forth below within thirty (30) days from the date of this order.


II.     The Complaint

        Plaintiff's brief complaint, submitted on the Court's Section 1983 complaint form,

alleges that he was brought to the "Nassau County Jail [on] Feburary [sic] 9, 2012 for violating

a[n] order [of] protection." Complaint [Docket Entry No. 1] ("Compl.") at ¶ IV. Plaintiff claims

that he advised the medical staff that he suffers from "gycloma [sic] in [his] right eye and [he]

was told by [his] eye doctor in the outside [he] need[s] eye drops to keep pressure down." Id.

Plaintiff alleges that an unidentified staff person told him to fill out a sick call slip, which

plaintiff claims he did. Id. According to the complaint, plaintiff was not called for medical

treatment until February 16, 2012, some seven (7) days after he submitted the request. Id.

Plaintiff alleges that the doctor prescribed eye drops because plaintiff's "eye pressure is 28 which

the doctor said it's to[o] high for my condition . . . ." Id. Although plaintiff acknowledges

receipt of eye drops on February 18, 2012, he claims "they weren't the drops that were prescribed

by doctor and [his] left eye [is] also swollen now." Id.

    As a result of these events, plaintiff claims to suffer from "severe temple headaches [and]

sharp pain to [his] left eye." Id. at IV.A. He further claims to "see doubles in [his] left eye." Id.

Plaintiff alleges that he "sign[ed] up for sick call [but has not] been called down yet," and that he

had not received any medical treatment as of March 27, 2012. Id. As relief, plaintiff seeks, inter

alia, "cash settlement and [for] the medical staff [to be] fired for inactiquate [sic] health care . . .

." Compl. at ¶ V.


III.    Discussion

    A.    In Forma Pauperis

    Having reviewed plaintiff's declaration in support of his application to proceed in forma

pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action

without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's

request for permission to proceed in forma pauperis is granted.

B.     The Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). A district court shall dismiss a prisoner's

complaint sua sponte if the complaint is "(1) frivolous, malicious, or fails to state a claim on

which relief may be granted; or seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); Abbas v. Dixon, 480 F.3d 636,

639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a

determination. 28 U.S.C. § 1915A(a).

It is well settled that the Court reads a plaintiff's pro se complaint liberally, Erickson v.

Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble,

429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170

(2d Cir. 2010), and construes it "'to raise the strongest arguments'" suggested. Chavis, 618 F.3d

at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the

pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded,

nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621

F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S.662, 678-79, 129 S. Ct. 1937,

173 L. Ed.2d 868 (2009)). However, a complaint must plead sufficient facts to "state a claim to

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct.

1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 667-68, 129 S. Ct. 1937, 1949,

3

173 L. Ed.2d 868 (2009) (citations omitted). While "detailed factual allegations" are not

required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at

1955).

 

       C.     Section 1983

      Section 1983 provides that "[e]very person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of

the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a

Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at

least in part to a person who was acting under color of state law and (2) the conduct deprived the

plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188

F.3d 51, 53 (2d Cir. 1999); see also Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert.

denied sub nom Cornejo v. Monn, 131 S. Ct. 158, 178 L. Ed.2d 243 (2010) (quoting Pitchell v.

Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent

substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights

established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

      Moreover, in order to state a claim for relief under Section 1983, plaintiff must allege the

personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen,

593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

"Personal involvement" may be established by evidence of direct participation by a supervisor in

the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority'. . . ." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 Fed. Appx. 199 (2d Cir. 2010).

      D.    Entities Immune From Suit

    "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Lukes v. Nassau County Jail, 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County."); Melendez v. Nassau County, No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued). Accordingly, plaintiff's claims

against the Nassau County Jail are dismissed in their entirety with prejudice.  However, given plaintiff's pro se status, the Court will construe his claims to be asserted against Nassau County.

> ### E.      Claims Against Nassau County

It is well established that a municipality or municipal entity, such as Nassau County, cannot be held liable under Section 1983 on a respondeat superior theory.  See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that action pursuant to official municipal policy caused the alleged constitutional injury." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotation marks and citation omitted); see also Monell, 436 U.S. at 690–91, 98 S. Ct. 2018, 56 L. Ed.2d 611.  "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690–691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials (i.e., officials with final decision making authority) which caused the alleged violation of plaintiff's civil rights, see Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as

to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," Cash, 654 F.3d at 334 (quotations and citations omitted); see also Okin v. Village of Cornwall-On-Hudson Police Department, 577 F.3d 415, 439 (2d Cir. 2009).

Even liberally construing the complaint, plaintiff's allegations are insufficient to state a Section 1983 cause of action against Nassau County. See White v. St. Joseph's Hospital, 369 Fed. Appx. 225, 226 (2d Cir. 2010) (affirming sua sponte dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."). Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the County or Nassau County Jail; (2) actions taken or decisions made by County or Nassau County Jail policymaking officials which caused the alleged violations of his civil rights; (3) a County or Nassau County Jail practice so persistent and widespread as to practically have the force of law; or (4) a failure by County or Nassau County Jail policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, plaintiff's claims, as construed to be against Nassau County, are dismissed with prejudice unless plaintiff files an amended complaint stating a plausible Monell claim against the County within thirty (30) days from the date of this order. See, e.g., Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962) ("If the underlying

7

facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Chavis, 618 F.3d at 170 (when addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated.")


IV.    Conclusion

For the foregoing reasons, plaintiff's application to proceed in forma pauperis is GRANTED. However, the complaint is dismissed unless plaintiff files an amended complaint in accordance with this order within thirty (30) days from the date of this order. The amended complaint must be labeled "Amended Complaint" and shall bear the docket number 12-CV-02632 (SJF)(GRB). The Court will review any amended complaint timely filed in accordance with 28 U.S.C. § 1915.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:     June 27, 2012
           Central Islip, New York

8